IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>GARY STEVEN-WYKLE [1],<br><br>**Defendant.** | **Criminal No.** 20-216 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Gary Steven Wykle ("Wykle")'s *pro se* motion to withdraw his guilty plea. (Docket Nos. 78 and 90) For the reasons set forth below, Wykle's motion is **DENIED**.

**I.   Background**

On July 9, 2020, a grand jury charged Wykle and defendant Alejandro Cortés-López ("Cortés") with conspiracy to commit mail and wire fraud (count one), securities fraud (count two), and twelve counts of wire fraud (counts three through fourteen), in violation of 18 U.S.C. section 1349, 15 U.S.C. sections 78(j) and 78ff(a), and 18 U.S.C. sections 1343 and 2, respectively. (Docket No. 3) Subsequently, the United States and Wykle entered into a plea agreement. (Docket No. 53) In exchange for Wykle's acceptance of responsibility as to count one, the United States assented to the dismissal of the remaining counts. Id.

Criminal No. 20-216 (FAB)                                                                 2

At the change of plea hearing, Wykle admitted that he and Cortés conspired "to obtain money and property from investors by means of materially false and fraudulent pretenses." (Draft Transcript at p. 16)[1]  Essentially, the defendants organized a Ponzi scheme, receiving $12,000,000 from over 100 individuals by representing that "their investments were safe and performing as promised." (Docket No. 53 at p. 12)  Investors received "actual returns" from Wykle and Cortés. (Docket No. 53 at p. 12)  These alleged profits were, in fact, funds from new investors. Id. at p. 12.

Three months after pleading guilty, Wykle submitted a *pro se* letter to the Court declaring his innocence. (Docket No. 78 at p. 1)[2]  Wykle filed a supplemental letter on July 30, 2021. (Docket No. 90)  He moves to withdraw his guilty plea, allowing "Justice [to] take its course." (Docket No. 78 at p. 2)

---

[1] Court reporters are responsible for promptly filing, when requested, certified transcripts of all proceedings before the Court. 28 U.S.C. § 753. Transcripts are available for a fee. The Court may access preliminary drafts of the transcripts before the official transcript is published. This Opinion and Order cites to a preliminary draft of the transcript.

[2] The Court construes *pro se* submissions liberally, subjecting them "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). "However, *pro se* status does not insulate a party from complying with procedural and substantive law." Admed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Criminal No. 20-216 (FAB)                                               3

## II. Federal Rule of Criminal Procedure 11

Federal Rule of Criminal Procedure 11 ("Rule 11") permits a defendant to withdraw a guilty plea after acceptance by the Court, but prior to sentencing, if he or she "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[A] defendant does not have an automatic right to withdraw a plea [prior to sentencing]." United States v. Pagán-Ortega, 372 F.3d 22, 28 (1st Cir. 2004). Pleas entered in accordance with Rule 11 "create an extremely heavy burden for a defendant to overcome." United States v. Fernández-Santos, 126 F. Supp. 3d 160, 164 (D.P.R. 2015) (Besosa, J.) (citation omitted).

To determine whether withdrawal of a defendant's guilty plea is fair and just, courts consider: "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11; the strength of the reasons offered in support of the motion; whether there is a serious claim of actual innocence; the timing of the motion; and any prejudice to the government if the withdrawal is allowed." United States v. Isom, 580 F.3d 43, 52 (1st Cir. 2009) (citing United States v. Padilla-Galarza, 351 F.3d 594, 597 (1st Cir. 2003). No one factor is dispositive. Id.

## III. Discussion

Withdrawal of Wykle's guilty plea is not warranted because no Rule 11 factor supports this disposition.

Criminal No. 20-216 (FAB)                                                4

    **A.    Knowing, Intelligent, and Voluntary Admission of Guilt**

Whether Wykle pled guilty in a knowing, intelligent, and voluntary manner is the "most significant factor" in the Rule 11 analysis. United States v. Dunfree, 821 F.3d 120, 127 (1st Cir. 2016). Rule 11 mandates that the Court "inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G); see United States v. Ramos-Mejía, 721 F.3d 12, 15 (1st Cir. 2013) ("[It] is sufficient in a plea colloquy for a district court to ascertain that a defendant is aware of the nature of the charge[s] against him by reading the charge[s] in the indictment to the defendant and obtaining his competent acknowledgment that he understands the charge[s]."). To disregard in-court representations made at a change of plea hearing, a defendant must typically offer "highly specific" allegations accompanied by "independent corroboration." United States v. Pulido, 566 F.3d 52, 59–60 (1st Cir. 2009) (internal quotation marks omitted).

The Court conducted a Rule 11 colloquy during which Wtkle was under oath, inquiring whether Wykle "[could] make a knowing and voluntary plea without any problem?" (Draft Transcript at p. 6) He answered "Yes." Id. Wykle made additional representations to the Court:

Criminal No. 20-216 (FAB)                                                5

| | |
|---|---|
| Court: | What is it that you want to do this morning during this conference? |
| Wykle: | Plead according to the agreement that I signed. |

. . .

| | |
|---|---|
| Court: | Did you discuss the charges in the indictment with your attorney, Mr. Aguayo? |
| Wykle: | Yes. |
| Court: | Did you discuss your decision to plead guilty with Mr. Aguayo? |
| Wykle: | Yes. |
| Court: | Are you fully satisfied with your counsel representation, and advice given to you by Aguayo? |
| Wykle: | Yes |

. . .

| | |
|---|---|
| Court: | Do you understand that you have a right to maintain that plea of not guilty if you wanted to? |
| Wykle: | Yes. |
| Court: | Do you understand that if you were to maintain a plea of not guilty, you would then have the right to a trial by jury? |
| Wkyle: | Yes. |

. . .

| | |
|---|---|
| Court: | Mr. Wykle, do you agree with the summary of your plea agreement as stated by the Prosecutor? |
| Wykle: | Yes. |

> Court:   Did you have any opportunity to discuss your plea agreement with Mr. Aguayo before you signed it?
>
> Wykle:   Yes.
>
> Court:   Do you understand the terms of your plea agreement?
>
> Wykle:   Yes.

(Draft Transcript at pp. 5—14) It is beyond peradventure that "declarations in open court carry a strong presumption of verity." United States v. Miranda, 654 F.3d 130, 138 (1st Cir. 2011); United States v. Gates, 709 F.3d 58, 69 (1st Cir. 2013) ("A defendant is normally bound by the representations that he himself makes in open court at the time of his plea."). Accordingly, the Court assigns great weight to Wykle's statements at the change of plea hearing.

**B.   Legal Innocence**

Wykle states in a conclusory fashion that he is innocent. (Docket No. 78 at p. 1)  He maintains that:

> numerous witness statements in the Discovery materials [refute] the Governments [*sic*] allegations that [he] made false and misleading statements to investors.  In all of the witness statements, [he] did not find one witness that accused [him] of soliciting funds or of making false of misleading statements regarding an investment.

Criminal No. 20-216 (FAB)                                                    7

(Docket No. 90 at p. 2)  Wykle does not, however, cite specific, exculpatory statements or that he received this material after the change of plea hearing.

A *post hoc* claim of innocence, "absent any suggestion that he will be able to present exculpatory evidence, is insufficient to entitle him to withdraw the plea."  Roderick, 180 F.2d at 207; Ramos, 810 F.2d at 313 ("If defendant's factual contentions create no 'legally cognizable defense' to the charges, 'he has not effectively denied his culpability,' and the motion can be denied.") (citation omitted); Gates, 709 F.3d at 69 ("Merely voicing a claim of innocence has no weight in the plea-withdrawal calculus; to be given weight, the claim must be credible.") Accordingly, this factor militates against granting Wykle's requested relief.

**C.   Timing**

Wykle filed his *pro se* motion three months after the change of plea hearing.  (Docket Nos. 55 and 78)  He presents conflicting accounts regarding the date that he decided to change his plea.  In the initial letter, Wykle asserts that he:

> [waited] for approximately two months for the government's decision on whether to enter into a cooperation agreement; [he] was recently informed they were not going to accept [his] offer of cooperation, thereby significantly delaying [his] opportunity to make [the] request [to withdraw his plea] to the Court.

Criminal No. 20-216 (FAB)                                                         8

(Docket No. 78 at p. 2)  In the supplemental letter Wykle states, however, he "e-mailed a letter to [his] attorney requesting that he file a motion to withdraw [his] plea of guilty that same day." (Docket No. 90 at p. 2)  Within hours of sending this e-mail, the United States "communicated to [defense counsel] that they were not going to enter into a cooperation agreement."  Id.  Is the motion to withdraw based on the absence of a 5K1.1 motion, or did Wykle commit to this course of action even before the United States announced its decision?

According to the supplemental letter, Wkyle purportedly requested that defense counsel file the motion to withdraw his guilty plea on July 7, 2021.  (Docket No. 78 at pp. 1—2)  The change of plea occurred two months and seventeen days before this request.  (Docket No. 55)  Even if defense counsel immediately complied with Wykle's demand, this length of time nevertheless weighs against granting the motion to withdraw.  See Isom, 85 F.3d at 839 (denying request to withdraw a guilty plea, in part, because the defendant filed the motion two months after the change of plea hearing); see also United States v. Doyle, 981 F.2d 595 (1st Cir. 1992) (stating that "a long interval between the plea and the request often weakens any claim that the plea was entered in confusion or under false pretenses.").

Criminal No. 20-216 (FAB)                                                          9

### D.  Prejudice to the United States

"If the court concludes that the balance of all the relevant factors tilts in favor of the defendant, then – and only then – should the court proceed to factor in the prejudice (if any) that the government would suffer were the court to allow the motion to withdraw."  United States v. Merritt, 755 F.3d 6, 9 (1st Cir. 2014).  Because no factor suggests that withdrawal of Wykle's guilty plea is appropriate, the Court need not address potential prejudice to the United States.

### E.  No Fair and Just Reason Sustains the Withdrawal of Wykle's Guilty Plea

The motion to withdraw is based on two propositions: (1) defense counsel projected that Wykle "had no chance of prevailing in a trial," and (2) the United States declined to file a substantial assistance motion pursuant to U.S.S.G. section 5K1.1. (Docket No. 78 at p. 1)  These reasons fail to substantiate Wykle's motion to withdraw his plea.

#### 1.  Defense Counsel's Assessment of Wykle's Prospects at Trial

Wykle asserts that he "reluctantly agreed to the terms of the plea agreement offered by the Government based on statements made by [his] attorney that . . . if [he] chose to go to trial, that [he] would lose the case and could be sentenced to as much as 14 years in prison."  (Docket No. 78 at p. 1)  In sum,

Criminal No. 20-216 (FAB)                                                          10

defense counsel's somber assessment of the evidence purportedly coerced Wykle to plead guilty.

The Court construes this claim as an ineffective assistance of counsel argument, subject to the analysis set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984).  See United States v. Hill, 474 U.S. 52, 57 (1985) (holding that the "two-part [Strickland] standard seems to us applicable to ineffective-assistance claims arising out of the plea process"); United States v. Powell, 925 F.3d 1, 4 (2018).  Wykle must demonstrate that: (1) counsel's representation fell below an object level of reasonableness," and (2) "counsel's deficient performance resulted in prejudice."  Powell, 925 F.3d at 4 (quoting Strickland, 466 U.S. at 694).  "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.

Courts are highly deferential to counsel's professional judgment.  Ouber v. Guarino, 293 F.3d 19, 25 (1st Cir. 2002) (citation omitted).  A defendant's belated remorse about pleading guilty is insufficient to warrant withdrawal of a validly entered plea.  Rather, the Court must consider whether there is "contemporaneous evidence to substantiate a defendant's expressed preferences [not to plead guilty]."  United States v. Hobbs, 953

F.3d 853, 857-58 (6th Cir. 2020) (affirming denial of motion to withdraw the defendant's guilty plea because "[i]t would have been exceedingly easy for the government to prove at trial that Hobbs knew he was a felon when he committed the firearms offense") (citing Lee v. United States, 137 S. Ct. 1958, 1967 (2017)); Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (holding that the defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"). In this case, no such contemporaneous evidence exists.

Defense counsel has an obligation to provide zealous representation. This obligation demands that before trial, he or she "explain the general strategy and prospects of success." ABA Model R. 4.1, Cmt. 5. The United States disclosed voluminous discovery to Wykle, including records from the United States Securities Exchange Commission. (Docket Nos. 27 and 31) An experienced securities broker reviewed the discovery with defense counsel and Wykle. (Docket Nos. 27 and 85)[3] This expert

---

[3] Wkyle attempts to undermine the expert, stating that he serves as defense counsel's "personal investment broker and stockbroker," is "not a Securities attorney," and conflated "funds for company operations" with licensed securities." (Docket No. 90 at p. 1) "Experts are not advocates in the litigation, but sources of information and opinions." English Feedlot, Inc. v. Norden Labs., Inc., 833 F. Supp. 1498, 1501 (D. Colo. 1993). Based on Wykle's allegations, defense counsel disclosed his relationship with the expert. Nothing in the record suggests that Wykle objected to the expert, or that the expert performed unsatisfactorily. In fact, the supplemental letter provides that Wykle does "not question [the expert's] knowledge regarding stock investing or personal financial planning." (Docket No. 90 at p. 1)

cautioned Wykle that the evidence against him was strong, providing the United States with ample proof to prevail at trial. (Docket No. 58, Ex. 1 at p. 1)  Defense counsel calculated Wykle's sentencing guideline should the jury convict him at trial, stating that "his total offense level could go as high as 31 points" for a total range of 155 to 188 months. (Docket No. 85 at p. 6)  The plea agreement sets forth a joint request for a 41-month term of imprisonment, a significantly more favorable sentence. (Docket No. 53 at p. 4)  Wykle concedes that, as a 73-year-old man, "the threat of up to 14 years in prison, which would be a life sentence for [him], was very influential in [his] thinking." (Docket No. 78 at p. 1)

Wykle pled guilty on his own volition after receiving candid advice from defense counsel. Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997) ("While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect of the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable attribute of any legitimate system which tolerates and encourages the negotiation of pleas.") (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1977)).  An honest evaluation of the defendant's prospects of success at trial is not ineffective assistance of counsel:  On the contrary, commendable lawyers

Criminal No. 20-216 (FAB)                                                13

minimize his or her client's exposure.  Dunfee, 821 F.3d at 131 (holding that defense counsel's comment that "conviction was guaranteed" if the case proceeded to trial "certainly did not" constitute coercion"); United States v. Dotstry, Case No. 16-346, 2021 U.S. Dist. LEXIS 108961 at *45 (D. Minn. June 10, 2021) (dismissing ineffective assistance of counsel claim where the attorney stated that if the defendant did not plea guilty, "he would not roll with him to trial and would drop out of the case"); United States v. Phillips, Case No. 19-127, 2020 U.S. Dist. LEXIS 230866 at *5 (D. Neb. Dec. 9, 2020) ("Although the weight of counsel's advice might have influenced Philipp's decision to plead guilty, it was permissive to give it.").

That Wykle faced a formidable prosecution, and his advanced age are valid reasons to plead guilty.  See Lee, 137 S. Ct. at 1966 ("Where a defendant has no plausible chance of acquittal at trial, it is highly likely that he will accept a plea if the Government offers one.").  Consequently, Wykle has failed to establish that defense counsel's assessment of his dim prospects at trial had a legally untenable coercive effect.

   **2.   The Absence of a Section 5K1.1 Motion**

Wykle contends that he pled guilty in part because "the Government would consider a cooperation agreement."  (Docket No. 78 at p. 1)  He received a proffer letter from the United

States two months before the change of plea hearing.  (Docket No. 85 at p. 8)  This letter provided that the United States would perform a "unilateral evaluation" regarding the propriety of a section 5K1.1 motion.  Id.[4]

During a proffer session in May of 2021, Wykle informed the United States that Cortés lied to an SEC investigator, underreported his personal income, and that "large amounts of government money [was] being 'scammed' through Covid Stimulus loans."  (Docket No. 78 at p. 2)  Subsequently, the United States notified Wykle of its decision not to file a section 5K1.1 motion.  Id.  This decision prompted Wykle to request withdrawal of his guilty plea.  Id.

The discretion to file a section 5K1.1 motion rests exclusively with the United States.  Pinillos-Prieto v. United States, 990 F. Supp. 2d 83, 97 (D.P.R. 1995) (Arenas, M.J.) ("The United States always retains the sole discretion to determine if any assistance was substantial and thus must decide if the downward departure motion is warranted")); see Carey v. United States, 50 F.3d 1097, 1101 (1st Cir. 1995) ("By its terms, section 5K1.1 vests in the government full discretion to file a substantial-assistance

---

[4] Section 5K1.1 states that: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation of another person who has committed an offense, the court may depart from the guidelines."  U.S.S.G. § 5K1.1.

Criminal No. 20-216 (FAB)                                                      15

motion, subject to review only if the refusal to file was based on an unconstitutional motive.").[5]

The United States' refusal to file a section 5K1.1 motion is no reason to vacate Wykle's guilty plea.  Wykle signed the plea agreement on April 2, 2010, concurring that the "United States has made no promises or representations except as set forth in [this document]."  Docket No. 53 at p. 7; see United States v. Laliberte, 822 F. Supp. 830, 833 (D. Me. 1993) ("Absent a provision in the plea agreement, Defendant has no absolute right to earn a motion for downward departure [pursuant to section 5K1.1]."); United States v. Howard, 259 F. App'x 761, 762 (6th Cir. Jan. 8, 2008) ("As the Government determined Howard did not render substantial assistance, it did not abuse its discretion in declining to file a 5K motion on Howard's behalf, and the district court properly denied Howard's motion to withdraw his guilty plea.").  The plea agreement also states that "no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553 – other than any explicitly provided in this [document] – shall be sought by Defendant."  Id. at p. 5; see United States v. Doyle, 981 F.3d 591, 594 (1st Cir. 1992) ("[Courts] have repeatedly

---

[5] Wykle's motion to withdraw his guilty plea is devoid of any allegation that United States refused to file a downward departure motive based on any unconstitutional motive.

Criminal No. 20-216 (FAB)                                              16

refused to infer the existence of promises not expressly articulated in, or necessarily implied by, plea agreements.") (citing cases).  Moreover, Wykle acknowledged at the change of plea hearing that he was not cooperating with the United States. (Draft Transcript at p. 14)

The Court does not doubt that Wykle "regret[s]" the statements that he made at the change of plea hearing.  (Docket No. 78 at p. 1)  He has, however, crossed the Rubicon in terms of accepting responsibility for engaging in criminal acts. See United States v. Adams, 971 F.3d 22, 39 (1st Cir. 2020) ("This court has not allowed defendants, absent coercion or mistake, to renege on plea agreements on the basis that they have miscalculated their risks and benefits or have belatedly discovered a new defense.") (citation and quotation omitted); Roderick, 180 F.2d at 207 ("A defendant who simply becomes unhappy with his decision to plead guilty does not state a fair and just reason for withdrawing his plea.") (citation omitted); United States v. Chambers, 710 F.3d 23, 29 (1st Cir. 2013) ("[A] defendant's lament that he misjudged the consequences of his guilty plea, without more, is not a fair and just reason for setting the plea aside.") (citation and quotation omitted).  Accordingly, no just and fair reason supports the withdrawal of Wykle's guilty plea.

Criminal No. 20-216 (FAB)                                                    17

        Counsel's request to withdraw is denied.  (Docket Nos. 78 and 90)  **Wykle's sentence remains scheduled for August 6, 2021 at 1:00 p.m.**

**IV. Conclusion**

For the reasons set forth above, Wykle's motion to withdraw his guilty plea is **DENIED**.  (Docket No. 78)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 2, 2021.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
